1
2
3
4
5
6
7
8       **IN THE UNITED STATES DISTRICT COURT**
9       **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11  RAYMOND WRIGHT,                              CASE NO. CV-F-06-0235 OWW DLB P
12                    Plaintiff,          _____ORDER DISMISSING COMPLAINT,
                                          WITH LEAVE TO AMEND
13          vs.
                                          [Doc. 1]
14  J. DALEY, et al.,
15                    Defendants.
                                        /
16

17  I.      Screening Order

18          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

19  pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on March 1, 2006.

20          A.      Screening Standard

21          The court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court

23  must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

24  or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

25  from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any

26  filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

27  if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

28  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

                                          1

1    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which

2    relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the

3    claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

4    citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners

5    Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

6    accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,

7    425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve

8    all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

9    B.    Summary of Plaintiff's Complaint

10   The events at issue in this action allegedly occurred at Pleasant Valley State Prison, where

11   plaintiff is incarcerated.  Plaintiff names Program Lieutenant J.Daley, Sergeant C. Sanchez, Lieutenant

12   and Warden J. Yates as defendants.  Plaintiff is seeking monetary and injunctive relief.

13   Plaintiff alleges that on February 12, 2005, he was re-housed in administrative segregation for

14   an investigation into an alleged escape from "A" Facility.  Plaintiff alleges the allegations regarding his

15   attempted escape were false.  Plaintiff alleges that defendant Daley authored a Rules Violation Report

16   which falsely accused plaintiff of attempting to escape.  Plaintiff alleges his due process rights were

17   violated at his subsequent disciplinary hearing on March 25, 2005 where he was found guilty.  As a

18   result, plaintiff lost 120 days of non-restorable credits and his privilege group was  reduced.  Plaintiff

19   also alleges his custody status was upgraded to "Close/A Custody" as a result of the Rules Violation.

20   C.    Plaintiff's Section 1983 Claims

21   To the extent plaintiff is alleging that his placement and retention in administrative

22   segregation violated his due process rights, the court finds that plaintiff fails to state a cognizable claim

23   for relief.

24   In order to state a cause of action for deprivation of procedural due process, a plaintiff must first

25   establish the existence of a liberty interest for which the protection is sought.  In Sandin v. Connor, 515

26   U.S. 472 (1995), the Supreme Court abandoned earlier case law which had held that states created

27   protectable liberty interests by way of mandatory language in prison regulations.  Id. at 481-84.  Instead,

28   the Court adopted an approach in which the existence of a liberty interest is determined by focusing on

2

1  the nature of the deprivation.  Id.  In doing so, the Court held that liberty interests created by prison

2  regulations are limited to freedom from restraint which "imposes atypical and significant hardship on

3  the inmate in relation to the ordinary incidents of prison life." Id. at 484.

4          The mere allegation that a prisoner is placed in administrative segregation, absent more, does not

5  "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

6  life." Sandin at 484.  In a post-Sandin case, the Ninth Circuit found that administrative segregation falls

7  within the terms of confinement ordinarily contemplated by a prison sentence.  See May v. Baldwin, 109

8  F.3d 557, 565 (9th Cir. 1997).  Thus, prisoners do not have a liberty interest in not being placed in

9  administrative segregation.  Id.  Plaintiff's allegations simply do not give rise to a cognizable claim for

10  relief based on his placement and retention in administrative segregation.

11          Similarly, the court finds that plaintiff's allegations that defendants deprived him of his

12  procedural due process rights with regard to his disciplinary hearing do not give rise to a cognizable

13  section 1983 claim.  Pursuant to the rule announced in Edwards v. Balisok, 520 U.S. 641 (1997), a claim

14  challenging the procedural aspects of a prison disciplinary hearing is not cognizable under section 1983

15  if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity

16  of the result of the prison disciplinary hearing, unless the prisoner can demonstrate that the result of the

17  disciplinary hearing has been previously invalidated.  Id. at 648; see Butterfield v. Bail, 120 F.3d 1023,

18  1024 (9th Cir. 1997)(applying Balisok to dismiss action in which a prisoner sought monetary relief based

19  on allegations that prison officials relied on false information to find him ineligible for parole); Gotcher

20  v. Wood, 122 F.3d 39 (1997), on remand from 520 U.S. 1238 (1997)(holding that prisoner's claim for

21  compensatory damages was not cognizable under section 1983).

22          Plaintiff has not demonstrated that the result of the hearing has been invalidated.  Therefore,

23  plaintiff's claim that his rights to procedural due process were violated cannot proceed.

24          Plaintiff's allegations regarding his classification and custody status also fail to implicate a

25  liberty interest.  The assignment of a particular classification and the resulting increase in custody status

26  and loss of privileges simply do not "impose[] atypical and significant hardship on the inmate in relation

27  to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Neal at 830; Cooper v. Garcia, 55

28  F.Supp.2d 1090, 1101 (S.D. Cal. 1999); Johnson v. Gomez, No. C95-20717 RMW, 1996 WL 107275,

3

1  at *2-5 (N.D. Cal. 1996); Brooks v. McGrath, No. C 95-3390 SI, 1995 WL 733675, at *1-2 (N.D. Cal.

2  1995).

3        In addition, supervisory personnel, such as Warden Yates, are generally not liable under Section

4  1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a

5  named defendant holds a supervisory position, the causal link between him and the claimed

6  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.

7  1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To

8  state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege

9  some facts that would support a claim that supervisory Defendants either: personally participated in the

10  alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

11  promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional

12  rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646

13  (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

14  Although federal pleading standards are broad, some facts must be alleged to support claims under

15  section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

16        Plaintiff has not alleged any facts indicating that Warden Yates personally participated in the

17  alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

18  promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional

19  rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black at 646.

20        In summary, plaintiff's allegations fail to state a cognizable claim for relief against the named

21  defendants.  The court will provide plaintiff with an opportunity to file an amended complaint curing

22  these deficiencies, if he possible.  In amending his complaint, plaintiff is informed that his allegations

23  should not be lengthy or overly-detailed.  Rather, plaintiff need only set forth enough facts so that each

24  defendant is on notice as to what he or she did or did not do that plaintiff believes violated his rights.

25       D.    Conclusion

26        The court finds that plaintiff's complaint must be dismissed, with leave to amend, for failure to

27  state any cognizable claims for relief.  The court has provided plaintiff with the legal standards that

28  appear to be applicable to his claims and will provide plaintiff with the opportunity to file an amended

4

complaint.  In drafting his amended complaint, plaintiff is cautioned that it is his responsibility to organize his complaint so that defendants and the court can readily ascertain which claims plaintiff is pursuing against which defendants.

It also appears that plaintiff may not have exhausted the available administrative remedies with respect to his claims.  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," id. at 2382.  Exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  To the extent, plaintiff has not complied with the exhaustion requirement, he must do so prior to filing this lawsuit.  If the court determines that plaintiff has not properly complied with the procedural rules, his complain will be dismissed.

Finally, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend;

2.    The Clerk's Office shall send plaintiff a complaint form;

3.    Within thirty (30) days from the date of service of this order, plaintiff shall file an amended complaint;

4.    The failure to file an amended complaint that complies with this order may result in an order striking the amended complaint from the record; and

5

1    5.    The failure to file an amended complaint will result in a recommendation that this action

2         be dismissed, without prejudice, for failure to obey a court order.

3

4    IT IS SO ORDERED.

5    **Dated:    February 13, 2007**                    **/s/ Dennis L. Beck**
     3b142a                                     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28